**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**JAMES FRANCIS CASSANO,**

                        **Plaintiff,**

    vs.                                      **1:12-cv-845
                                                    (MAD/CFH)**

**RJM ACQUISITIONS LLC;
DOES 1-10, inclusive,**

                        **Defendants.**

_____

**APPEARANCES:**                         **OF COUNSEL:**

**JAMES FRANCIS CASSANO**
405 Madison Avenue
Albany, New York 12210
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff commenced this action on May 22, 2012. *See* Dkt. No. 1. In an order dated May 25, 2012, Plaintiff's motion for leave to proceed *in forma pauperis* was denied and Plaintiff was directed to pay the statutory filing fee of $350.00 if he wished to proceed with this action. *See* Dkt. No. 4. Plaintiff was given thirty (30) days from the date of the order to make the required payment. *See id.* Plaintiff never made the required payment.

In a Report-Recommendation and Order, Magistrate Judge Homer recommended that the Court dismiss this action without prejudice pursuant to Rules 16(f)(1)(C) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure for Plaintiff's failure to comply with the Court's order. *See* Dkt. No. 6 at 1. Neither party objected to Magistrate Judge Homer's Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Homer's Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Homer correctly recommended that the

Court should dismiss this action pursuant to Rules 16(f)(1)(C) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure for Plaintiff's failure to comply with the Court's order.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Homer's Report-Recommendation and Order is **ACCEPTED in its entirety;** and the Court further

**ORDERS** that this action is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated: January 30, 2013
      Albany, New York

Mae A. D'Agostino
U.S. District Judge